■ In the Matter of the Arbitration between MURRAY BLUMBERG, Appellant, and FRANK C. BAKER, Respondent.— Order, entered on December 28, 1961, denying petitioner's motion for an order staying arbitration, affirmed, with $20 costs and disbursements to respondent. Concur — Breitel, J. P., Valente, Stevens and Bergan, JJ.; Steuer, J., dissents in part in the following memorandum: The agreement to arbitrate is quite broad, but it is not limitless. It is contained in an agreement between the parties to buy two buildings and to renovate and operate them. It provides for the method of financing and the part each is to play in the contemplated activities. The arbitration clause applies to any con-

troversy arising from " the interpretation of this agreement or any other matters relating thereto." Controversies did arise and respondent demanded arbitration. Certain of the matters sought to be arbitrated are well within the terms of the agreement and, as to these, we are in accord. However, it appears that respondent rented an apartment in one of the buildings. He is dissatisfied with his rent and with the service supplied to his apartment and these matters he wants to arbitrate. For two reasons, which are related, these matters are not arbitrable. In the first place, the agreement does not contemplate a lease by either party and is not concerned with it. Neither party agreed to arbitrate anything connected with such a lease and there is no showing that apart from the terms of the written contract a lease of any space to either party was a matter in contemplation, or in any way related to the subject of the agreement. Secondly, petitioner is not the landlord under the lease. The agreement calls for the formation of a corporation and it is with that corporation that respondent contracted for the lease. Any failure or breach in regard to the apartment would be the responsibility of the corporation rather than of the petitioner. Items 3 and 4 (a), (b) and (e) should be stricken from the notice to arbitrate and, as so modified, the order should be affirmed.